son it dealt with was Murtha. It was with him that it contracted to insure the lessors, and it was he that impliedly agreed, through his agents, to pay the premium. The defendants are entitled to a judgment dismissing the complaint upon the merits.

Complaint dismissed.

---

### In re WOODWARD'S WILL.

(Supreme Court, Appellate Division, First Department. June 22, 1900.)

WILLS—UNDUE INFLUENCE.

> Proof that one child received more than another by a will does not establish undue influence sufficient to prevent its probate.

Appeal from surrogate's court, New York county.

Application for probate of will of Frances Mary Woodward, deceased. From a decree admitting the probate, George E. Woodward and another appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

George Bethune Adams, for appellants.

Hector W. Thomas, for respondent.

PER CURIAM. The deceased left her surviving four children (two daughters and two sons), all of whom were of full age. The two sons opposed the admission of her will to probate, and have appealed from the decree of the surrogate admitting it to probate. They urge that the decree should be reversed because (1) the testatrix did not have testamentary capacity, and (2) the will was "brought about by undue influence and fraud practiced" by one of the sisters.

A careful consideration of the record shows that the testatrix not only had testamentary capacity, but there is not even a suspicious circumstance to indicate that undue influence was used in procuring the execution of her will. The only possible ground which the appellants can have for even thinking that undue influence was used is that she did not divide her property equally between all of her children; in other words, that she gave more to the daughters than she did to the sons. But she had a right to do this, and, unless her property was to be divided equally between all of her children, it would seem as if the daughters ought to receive more than the sons. Besides, it is not at all clear, according to the valuation which the deceased placed upon the real estate which she gave to the sons, that she did not think she was making an equal division between her children. The draft of the will was prepared by herself, and is much like the will which she made some two years before. To establish undue influence sufficient to set aside or prevent the probate of a will, it must appear that the influence used was such as to overpower the will of the testator, and subject it to the will and control of another. Nothing short of this will do. It certainly is not established by proving, as in this case, that one child may possibly have received more than another.

The decree of the surrogate is right, and must be affirmed, with costs.